UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CALMER COTTIER,<br><br>　　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 5:20-CV-05071-KES<br><br><br><br>ORDER TO SERVE |

　　　　Movant Calmer Cottier, through his attorney Ellery Grey, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  From a reading of the motion, the court cannot determine that "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court" warranting summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court.

　　　　All of Mr. Cottier's claims for relief are asserted under the Sixth Amendment's guaranty of effective assistance of counsel.  The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived "when a client attacks his attorney's competence" and "raises the [issue] of ineffectiveness or incompetence" of counsel.  See Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974).  ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must "respond to

allegations in any proceeding concerning the lawyer's representation of the client." See ABA Model Rules of Prof'l Conduct R. 1.6(b)(5).

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations, (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm'n on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255, this Court has determined that the Government cannot respond to the allegations of ineffective assistance of counsel without attorney Nathaniel Nelson responding by affidavit to the specific allegations in the Motion concerning their representation of Movant.  If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Movant's Motion under 28 U.S.C. § 2255.  Accordingly,

IT IS ORDERED:

    1.    That Mr. Cottier's attorney Ellery Grey shall send this Order and the attached Attorney-Client Privilege Waiver form to Mr. Cottier;

    2.    That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 14 days, the allegations of ineffective assistance of counsel will be stricken from Movant's Motion under 28 U.S.C. § 2255;

    3.    That if Mr. Calmer signs and files the Attorney-Client waiver form, the Government shall forward a copy of that waiver to attorney Nathanial Nelson, along with a copy of this order and Mr. Calmer's § 2255 motion. Attorney Nathaniel Nelson shall, within  14 days of receiving the waiver, provide

and file with the Clerk an affidavit responding to the allegations in the § 2255 motion concerning Mr. Nelson's representation of Mr. Cottier.

   4.  The Government shall promptly thereafter serve a copy of attorney Nathanial Nelson's affidavit upon Mr. Cottier by serving his attorney, Ellery Grey.

   5.  The Clerk of Court will deliver or serve a copy of Mr. Calmer's § 2255 motion and memorandum [Docket Nos. 1 & 5] and this order on the United States Attorney for the District of South Dakota (DSD).

   6.  The United States Attorney for the DSD will serve and file an answer or responsive pleading to the motion, together with a legal brief or memorandum, on or before June 20, 2022.

   DATED April 20, 2022.

            BY THE COURT:

            *[signature]*
            VERONICA L. DUFFY
            United States Magistrate Judge